**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

                                    :
XO COMMUNICATIONS SERVICES, INC.,   :
                                    : CIVIL ACTION NO. 10-5683 (MLC)
      Plaintiff,                    :
                                    :         O P I N I O N
      v.                            :
                                    :
AT&T CORP.,                         :
                                    :
      Defendant.                    :
                                    :
```

**THE PLAINTIFF** alleges that (1) the defendant has failed to pay for "invoiced switched access services that [Plaintiff] provided to Defendant pursuant to lawful federal and state tariffs so that telephone calls from or to Defendant's customers were completed to the intended recipients", (2) if "the call originates and terminates within the same state, the applicable access charges are set forth in intrastate tariffs filed with that state's regulatory commission", if "the call originates in one state and terminates in another, the access charges that apply are set forth in interstate tariffs filed with the Federal Communications Commission ('FCC')", and the "interstate tariffs filed with the FCC also govern charges for other services that fall within the jurisdiction of the FCC", and (3) subject matter jurisdiction "aris[es] under its federal telecommunications access tariff for interstate telecommunications traffic filed under Section 203 of the Communications Act of 1934, 47 U.S.C. § 203".  (Dkt. entry no. 7, Am. Compl. at 1-4.)

**THE PLAINTIFF** alleges that (1) it "provides interstate services, including database access queries for 800 numbers, pursuant to an FCC tariff, Tariff FCC No. 1, ('FCC Tariff')", (2) it "is identified as a concurring affiliate carrier in the FCC Tariff, which by its terms renders the rights and obligations created by the FCC Tariff applicable to [it]", and (3) customers, who are defined by the FCC Tariff's terms, have certain payment obligations pursuant to the relevant sections of the FCC Tariff. (Id. at 6-7.)  The plaintiff alleges that as of January 2, 2009, the defendant (1) "continued to use the services provided by [Plaintiff] under its FCC Tariff", (2) "breached the FCC Tariff by refusing to comply with its payment provisions", (3) has not paid (a) for services provided by the plaintiff under the FCC Tariff, or (b) late fees "mandated" by the FCC Tariff, and (4) is responsible for "the legal fees incurred in maintaining this lawsuit pursuant to . . . the FCC Tariff".  (Id. at 7-8.)  The allegations concerning the state tariffs in issue are similar. (Id. at 8-22.)

**THE COURT** will (1) direct the plaintiff to first proceed before the FCC and the appropriate local public utilities commissions ("PUCs") as to the issues raised in the Amended Complaint, and (2) stay and administratively terminate the action, with leave to the plaintiff to move to reopen after any determinations — or refusals to issue determinations — by the FCC

and PUCs.  See MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1106 (3d Cir. 1995).  A dispute concerning tariffs, rates, or charges — such as this dispute — is within the primary jurisdiction of, and should be addressed by, the FCC and PUCs. See id. at 1103-06 (reversing district court order, and directing dispute over phone service be addressed by a PUC first); Combined Cos. v. AT&T Corp., No. 95-908, 2006 WL 1540917, at *7 (D.N.J. June 1, 2006) (denying motion to vacate stay pending FCC determination because FCC was proper forum to address disputed tariff provision).  The Court may direct the parties to proceed before the FCC or a PUC, even though the Court otherwise has jurisdiction.  See MCI Worldcom Commc'ns v. Commc'ns Network Int'l, No. 01-762, 2001 WL 1002405, at *4-5 (E.D. Pa. Aug. 28, 2001) (directing parties to proceed before FCC).

    **THE PARTIES** must proceed before the appropriate PUCs because "interpretation and enforcement actions that arise after a state commission has approved an interconnection agreement must be litigated in the first instance before the relevant state commission", and a "party may then proceed to federal court to seek review of the commission's decision or move on to the appropriate trial court to seek damages for a breach, if the commission finds one".  Core Commc'ns v. Verizon Pa., 493 F.3d 333, 344 (3d Cir. 2007) (emphasis added) (affirming part of judgment directing parties to proceed before PUC first).

**AN ORDER** administratively terminating an action is not the equivalent of a dismissal of a complaint, and is issued pursuant to the Court's inherent power to control the docket and in the interests of judicial economy.  See Delgrosso v. Spang & Co., 903 F.2d 234, 236 (3d Cir. 1990) (stating administrative termination is not a final determination, as it "permits reinstatement and contemplates the possibility of future proceedings", and "does not purport to end litigation on the merits"); see also Core Commc'ns, 493 F.3d at 345 (reversing part of judgment dismissing — rather than staying and administratively terminating — claims upon directing parties to proceed before PUC).  For good cause appearing, the Court will issue an appropriate order.


        s/ Mary L. Cooper  
**MARY L. COOPER**  
United States District Judge

Dated:   December 20, 2010