**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
                                        :
XO COMMUNICATIONS SERVICES, INC.,       :
                                        :  CIVIL ACTION NO. 10-5683 (MLC)
     Plaintiff,                         :
                                        :         O P I N I O N
     v.                                 :
                                        :
AT&T CORP.,                             :
                                        :
     Defendant.                         :
                                        :
```

**THE COURT** having issued a Opinion ("12-20-10 Opinion") and Order ("12-20-10 Order") on December 20, 2010, (1) directing the plaintiff, XO Communications Services, Inc. ("XO"), to first proceed before the Federal Communications Commission ("FCC") and the appropriate local public utilities commissions ("PUCs") as to the issues raised in the Amended Complaint, and (2) staying and administratively terminating the action, with leave to XO to move to reopen after any determinations — or refusals to issue determinations — by the FCC and PUCs (dkt. entry no. 8, 12-20-10 Op.; dkt. entry no. 9, 12-20-10 Order); and XO moving for reconsideration of the 12-20-10 Order pursuant to Federal Rule of Civil Procedure ("Rule") 59(e) and Local Civil Rule 7.1(i) (dkt. entry no. 10, Mot. for Recons.); and defendant, AT&T Corp. ("AT&T") opposing the motion (dkt. entry no. 11, Def. Opp'n); and

**IT APPEARING** that a motion for reconsideration is "an extremely limited procedural vehicle," Tehan v. Disab. Mgmt. Servs., Inc., 111 F.Supp.2d 542, 549 (D.N.J. 2000) that is

granted "very sparingly," Cataldo v. Moses, 361 F.Supp.2d 420, 433 (D.N.J. 2004); and it appearing that its purpose is to correct manifest errors of law or present newly discovered evidence, Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); and it further appearing that a court may grant a motion for reconsideration if the movant shows one of the following: (1) an intervening change in controlling law, (2) the availability of new evidence that was previously unavailable, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice, id.; Beety-Monticelli v. Comm'r of Soc. Sec., 343 Fed.Appx. 743, 747 (3d Cir. 2009); and it also appearing that reconsideration is not warranted where (1) the movant merely recapitulates the cases and arguments previously analyzed by the court, Arista Recs., Inc. v. Flea World, Inc., 356 F.Supp.2d 411, 416 (D.N.J. 2005); see also Tehan, 111 F.Supp.2d at 549 ("Motions for reconsideration will not be granted where a party simply asks the court to analyze the same facts and cases it had already considered . . . ."), or (2) the apparent purpose of the motion is for the movant to express disagreement with the court's initial decision, Tehan, 111 F.Supp.2d at 549; and it further appearing that such a motion should only be granted where facts or controlling legal authority were presented to, but not considered by, the court, Mauro v. N.J. Supreme Ct., 238 Fed.Appx. 791, 793 (3d Cir. 2007); and

**XO ARGUING** that a clear error of law and new Supplemental Authority from the FCC warrant reconsideration of the 12-20-10 Order (dkt. entry no. 10, Pl. Br. at 2; dkt. entry no. 12, Not. of Supp. Auth.); and XO arguing this action is a "collections action" and that the FCC does not have jurisdiction to enforce collections actions (Pl. Br. at 3-5); and XO identifying <u>In re All Am. Tel. Co v. AT&T Corp.</u>, FCC 11-5, No. EB-10-MD-003 (Jan. 20, 2011) ("FCC Order") as new authority (Not. Of Supp. Auth., Ex. 1, 1-20-11 FCC Order); and XO arguing that the FCC Order explained that "it lacks jurisdiction to consider claims brought by a carrier . . . against its customers . . . for failing to pay tariffed charges under the Communications Act," and therefore the FCC does not have jurisdiction over what XO argues is a claim against AT&T to collect unpaid tariffs (Pl. Br. at 2-3); and

**AT&T ASSERTING** in opposition that XO's claim is not a "mere" collections action (Def. Opp'n at 2); and AT&T arguing that XO's claim calls for the interpretation of the "specific technical meaning" of terms in XO's tariff, for example, because XO alleges providing "switched access services" (<u>id.</u> at 4); and AT&T implying that XO's claim may require investigation into whether the disputed calls are associated with "traffic pumping" or other "schemes . . . appropriately referred to the FCC" (<u>id.</u> at 5); and AT&T further asserting that the FCC Order supports referring actions such as this one to the FCC (dkt. entry no. 13, Def.

3

Resp. at 2); and it appearing that the parties agree the analysis for the state tariffs is the same as for the FCC claim (Pl. Br. at 5; Def. Opp'n at 7); and

**THE COURT** having carefully reviewed the arguments of the parties, as well as the FCC Order; and it appearing that in that case the referring District Court in the Southern District of New York ("SDNY") submitted several questions to the FCC, including whether the plaintiffs provided "switched access services" to the defendants "pursuant to the terms of valid and applicable tariffs" (Def. Resp., Ex. A, Joint Issues List, item 1); and it appearing that the FCC did not address all of these questions in the FCC Order (see 1-20-11 FCC Order); and AT&T arguing these other questions are still under "active consideration" by the FCC (Def. Resp. at 2 n.2);[1] and thus the Court determining that the FCC Order did not decline to address issues underlying XO's alleged collections action; and it appearing that there are other District Court cases on point and no other controlling authority, see, e.g., Sancom, Inc. v. AT&T Corp., 696 F.Supp.2d 1030, 1038-39 (D.S.D. 2010); and it still appearing here that there are underlying issues that may require FCC expertise, for example, technical defenses (see, e.g., Def. Opp'n at 5); and thus the

---

[1] The Court notes that the FCC Order states that "[t]his Order resolves the issues presented by the [SDNY]." (1-20-11 FCC Order at 2 n.6.) But the Court also notes that the FCC does not specifically decline to rule on the other questions.

4

arguments by XO not affecting the Court's analysis or determinations leading to the 12-20-10 Order; and

**THE COURT** finding that XO (1) has not shown a clear error of law or fact, see <u>Max's Seafood Café</u>, 176 F.3d at 677, (2) has not established that facts or controlling legal authority were presented to, but overlooked by, the Court, see <u>Mauro</u>, 238 Fed.Appx. at 793, and (3) is merely asserting its disagreement with the Court's decision, see <u>Tehan</u>, 111 F.Supp.2d at 549; and the Court concluding that reconsideration of the 12-20-10 Order is therefore inappropriate; and the Court thus intending to deny the motion for reconsideration; and the Court having considered the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 7.1(i); and for good cause appearing, the Court will issue an appropriate order.

                                         s/ Mary L. Cooper
                                         **MARY L. COOPER**
                                         United States District Judge

Dated: March 4, 2011